# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES McCOY, | : | |
| Plaintiff, | : | Case No. 3:09cv00211 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| CITY OF TROY, OHIO, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Plaintiff Charles McCoy brings this case *pro se* seeking to recover damages against Defendant City of Troy, Ohio and others for injuries he allegedly sustained during and after the time he was a prisoner at the Miami County, Ohio Jail. Plaintiff's Complaint and Amended Complaint name several Defendants, including the City of Troy, Ohio.

This case is before the Court upon Defendant City of Troy's (the City's) Motions to Dismiss (Doc. #s 14, 17), Plaintiff's Response in Opposition (Doc. #19), the City of Troy's Reply (Doc. #20), and the record as a whole.

## II. APPLICABLE STANDARDS

To determine whether a Complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the Complaint in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

## III. ANALYSIS

Construing Plaintiff's *pro se* pleadings liberally in his favor, as the Court must at this early stage of the case,[2] he seeks to state a federal constitutional claim against the City under 42 U.S.C. §1983. To state such a claim, Plaintiff must allege sufficiently specific facts to show that (1) a constitutional violation occurred and (2) the City "is

---

[2] *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

responsible for that violation." *Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004)(quoting *Doe v. Clairborne Cnty*, 103 F.3d 495, 505-06 (6th Cir. 1996)). Municipal responsibility hinges on the existence of an official city custom or policy and its role in causing the constitutional harm. "A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County or City] itself and show that the particular injury was incurred because of the execution of that policy.'" *Estate of Graham*, 358 F.3d at 383 (quoting in part *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1994)). Plaintiff's factual allegations must demonstrate the existence of "'a direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Estate of Graham*, 358 F.3d at 383 (citations omitted).

The City contends that Plaintiff fails to state a claim against it because he does not identify an official municipal policy that caused him a constitutional injury. This contention is well taken. Plaintiff alleges that in June 2009 "the Troy police Department" arrested him and incarcerated him in the Miami County Jail. No other allegation appears in Plaintiff's pleadings concerning the Troy Police Department, the City of Troy, or a City employee or supervisor. Instead, Plaintiff's allegations about the events at the Miami County Jail focus on acts or omissions taken by county employees. Plaintiff's pleadings therefore fail to identify an official City policy or custom that directly caused a violation of his constitutional rights.

Plaintiff argues in his Response in Opposition that he can show the existence of a City policy because the nurses who refused to provide him with his medications "stated that the policy of the 'City' prohibits the issuance of the medication and the use of walking canes." (Doc. #19 at 2). Yet, even assuming that such a City policy existed, Miami County nurses or other employees working in the Miami County Jail would not be bound by such a policy. Plaintiff's allegations therefore fail to allege sufficient facts to

3

show that a City policy was the moving force behind the constitutional violations. And as a result, Plaintiff's pleadings fail to state a plausible, non-speculative §1983 claim against the City of Troy.

Accordingly, the City of Troy's Motions to Dismiss are well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant City of Troy's Motions to Dismiss (Doc. #14, 17) be GRANTED; and

2. Plaintiff's claims against the City of Troy be DISMISSED.

September 15, 2009

               s/Sharon L. Ovington
                Sharon L. Ovington
              United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).