IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES E. McCOY,               :

       Plaintiff,            :      Case No. 3:09cv211

vs.                             :      District Judge Thomas M. Rose
                                                          Magistrate Judge Sharon L. Ovington
CITY OF TROY, *et al.*,         :

       Defendants.           :

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court on Defendants Lamneck's, Saxour's and Mareitta's joint motion for summary judgment (Doc. #38); Plaintiff's two *pro se* responses in opposition thereto (Doc. ##43, 45); and the record as a whole. Also before the Court is the same Defendants' motion to stay discovery (Doc. #44).

<u>Factual and Procedural Background/The Parties' Claims</u>

Plaintiff Charles McCoy filed his original *pro se* complaint in this matter on June 19, 2009. (Doc. #7). With leave of this Court (*see* Doc. ##16, 27), Plaintiff's amended complaint was filed on August 15, 2009. (Doc. #28). In that amended

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

complaint, Plaintiff set forth an action under 42 U.S.C. § 1983 against Defendants City of Troy, Ohio;[2] Charles Cox, Miami County Sheriff; Corrections Officer Saxton;[3] Corrections Officer Maryetta;[4] and Ginny Lamneck,[5] Warden at the Correctional Reception Center ["CRC"]. (*Id.* at 4). Plaintiff alleges that Defendants violated his civil rights under the Eighth and Fourteenth Amendments to the United States Constitution by depriving him of ambulatory assistance and medication prescribed for various health conditions, as well as subjecting him to other improper treatment, while he was incarcerated at the Miami County jail, and was transported and incarcerated at the CRC. (*Id.* at 5-6). He requests declaratory relief and compensatory and punitive damages.

On November 18, 2009, Defendants Lamneck, Saxour and Mareitta ["the CRC Defendants"] filed a joint motion for summary judgment. (Doc. #38). The CRC Defendants contend that Plaintiff did not exhaust his administrative remedies regarding the subject matter of his amended complaint through the established grievance process of the Ohio Department of Rehabilitation and

---

[2]Plaintiff's claims against the City of Troy have been dismissed. (*See* Doc. #34).

[3]According to Defendants, correctly identified as Corrections Officer Sax**our**. (*See* Doc. #44 at 1, n. 1; Doc. #38 at 2).

[4]According to Defendants, correctly identified as Corrections Officer Mar**ei**tta. (*See* Doc. #44 at 1, n. 1; Doc. #38 at 2).

[5]According to Defendants, correctly identified as **Virginia** Lamneck. (*See* Doc. #38 at 2).

Correction ["ODRC"].  (*See id*. at 2, 5-8).  In support of that contention, they offer the affidavit of an ODRC correctional grievance officer, attesting to the established inmate grievance procedure and Plaintiff's alleged failure to fully exhaust his administrative remedies under that system.  (*See id*., attached Affidavit of Suzanne Evans).  Arguing that Plaintiff cannot pursue an unexhausted claim, and that "the time in which to file an appeal has expired" (Doc. #38 at 2), the CRC Defendants ask that judgment be entered in their favor.

On December 14, 2009, Plaintiff filed a memorandum in opposition to the CRC Defendants' motion for summary judgment.  (Doc. #43).  Plaintiff asserts that this action "is a due process claim and not a grievance process," and that he "was told that I could not appeal to [the] director."  (*Id.* at 5).  He also attaches both his signed "affidavit" to that effect (*see id*. at 7, ¶4), and copies purporting to be the Rules Infraction Board's disposition as to a rule violation charged against Plaintiff from the same incident, as well as the Warden's decision on Plaintiff's appeal from the Rules Infraction Board's disposition.  (*See id*., Exhs. 1-3).  In a second response, Plaintiff attaches copies of what purport to be records of medical treatment he sought following his release from custody.  (Doc. #45, Exhs. 5(a)-7(h)).  Plaintiff asks the Court to consider the attachments as supplements to his opposing memorandum.  (Doc. #45 at 1).

*Summary Judgment Standard*

A moving party is entitled to summary judgment in its favor if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). To determine if a genuine issue of material fact exists, the Court accepts the nonmoving party's evidence as true and draws all reasonable inferences in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000); *see also Holiday v. City of Chattanooga*, 206 F.3d 637, 642 (6th Cir. 2000). The Court's function is not to weigh the evidence to determine the truth of the matters asserted but to determine if there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 249.

"The burden placed upon the movant for summary judgment is to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden at trial." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992); *see Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002). If the movant makes this showing, the nonmoving party may not rely on the bare allegations of the Complaint but must present

affirmative or "significant probative evidence" in support of his or her claims. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002), *cert. denied*, 537 U.S. 1168 (2003); *see Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *see also Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). The purpose driving this requirement is that summary judgment is designed to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Lenz v. Erdmann Corp.*, 773 F.2d 62, 66 (6th Cir. 1985)(citation omitted); *see Matsushita*, 475 U.S. at 587.

The Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Guarino,* 980 F.2d at 404; *see InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the burden falls squarely on the nonmoving party to designate specific facts or evidence in dispute. *See Anderson*, 477 U.S. at 250; *see also Adams*, 31 F.3d at 379; *Guarino*, 980 F.2d at 404-05; *Street*, 886 F.2d at 1479-80.

Ultimately, the Court must determine at the summary-judgment stage whether the evidence presents a sufficient disagreement to require submission of the challenged claim or claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 251-

52; *see Little Caesar Enters.*, 219 F.3d at 551.

Rule 56(c) limits the materials to be considered on a motion for summary judgment to "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show that there is no genuine issue requiring trial. Affidavits supporting or opposing such a motion

> must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed. R. Civ. P. 56(e)(1). In discharging its obligation to present affirmative evidence in response to a properly-supported summary judgment motion, the party opposing judgment also must respond "by affidavits or as otherwise provided in this rule." Fed. R. Civ. P. 56(e)(2).

"While pro se litigants are afforded significant leeway . . . , those who proceed without counsel must still comply with the procedural rules that govern civil cases." *Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *McNeil v. United States,* 508 U.S. 106, 113 (1993)); *see also Moore v. Holbrook*, 2 F.3d 697, 702 (6th Cir. 1993) (Batchelder, J., dissenting) (*pro se* status "does not exempt [a plaintiff] from the requirements

-6-

that he properly plead his case, make out an actionable cause, and show that if he proved all he claims, he would prevail at trial") (citing *Hughes v. Rowe,* 449 U.S. 5, 10 (1980)).

Analysis

Because Plaintiff was an inmate at the North Central Correctional Institution ["NCCI"] in Marion, Ohio, at the time of filing suit, and because his claims asserted here arise from the conditions of his confinement, Plaintiff's case is subject to the terms of the federal Prison Litigation Reform Act ["PLRA"]. Under the provisions of that Act:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until</u> such <u>administrative</u> <u>remedies</u> as are available <u>are</u> <u>exhausted</u>.

42 U.S.C. § 1997e (emphasis added). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

The administrative law of Ohio sets forth an "inmate grievance procedure" that is "designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant," including "the

actions of institutional staff." *See* Ohio Admin. Code 5120-9-31(A). In accordance with the three-step procedure established there, in order to fully exhaust his available administrative remedies, an Ohio inmate first must file an informal complaint to the direct supervisor of the staff member or department most responsible for the subject matter of the complaint. Ohio Admin. Code 5120-9-31(K)(1). If the inmate is dissatisfied with the informal complaint response, he next must file a notification of grievance with the inspector of institutional services. Ohio Admin. Code 5120-9-31(K)(2). Finally, if the inmate also is dissatisfied with the institutional inspector's disposition, he must file an appeal to the office of the chief inspector. Ohio Admin. Code 5120-9-31(K)(3). Additionally, "[g]rievances against the warden or inspector of institutional services must be filed directly to the office of the chief inspector." Ohio Admin. Code 5120-9-31(M).

Here, the affidavit offered in support of the CRC Defendants' motion for summary judgment outlines the foregoing grievance procedure, then avers that Plaintiff "has not presented any appeals to the Office of the Chief Inspector regarding excessive use of force while housed within the ODRC." (Doc. #38, Affidavit of Suzanne Evans at ¶8). That affidavit's conclusion that Plaintiff therefore "did not exhaust his administrative remedies with respect to his claim

of excessive use of force" (*id.* at ¶9) is corroborated by the Ohio Administrative Code's description of the grievance procedure.

Plaintiff's first response to the CRC Defendants' motion focuses primarily on Plaintiff's disagreement with those Defendants' rendition of the underlying facts (*see* Doc. #43 at 3-5, 7), while his supplemental response focuses on bolstering his own version of those facts. (*See* Doc. #45). Plaintiff's efforts to that effect are misguided, however, given the gist of Defendants' motion – *i.e.*, that Plaintiff's failure to complete the grievance process precludes the Court from even considering the merits of his complaint here. Moreover, the exhibits that Plaintiff himself appended to his first opposing memorandum tend to confirm that Plaintiff did <u>not</u> fully exhaust his administrative remedies, but rather proceeded only through steps one and two. (*See* Doc. #43, Exhs. 1, 2, 3). According to the Sixth Circuit:

> Exhaustion of state administrative remedies under the PLRA requires a plaintiff not only to bring his or her claim before the state, but <u>to see it through to completion</u>, appealing denials as permitted and participating in offered hearings. Exhaustion also requires a plaintiff to bring a grievance to the state before coming to federal court even when the state has made clear that it will not grant the relief requested.

*Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003) (emphasis added), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006) (affirming that "exhaustion"

under the PLRA means "proper exhaustion").

Plaintiff's response raises only one item arguably relevant to his failure to completely exhaust his administrative remedies, that being his claim that he "was told that I could not appeal to the director." (Doc. #43 at 5; *see id*. at 7,¶4). But that assertion alone is not enough to counter Defendants' motion. Fed. R. Civ. P. 56(e)(1) requires that any "affidavit" offered in opposition to a motion for summary judgment "set out facts that would be admissible in evidence." The assertion in Plaintiff's purported "affidavit" that he "was told that I couldn't appeal to the Director" (Doc. #43 at 7, ¶4), however, relies on non-attributed and inadmissible hearsay. *See* Fed. R. Evid. 801(c). For that reason, the Court cannot credit Plaintiff's suggestion that he somehow was dissuaded from fully pursuing his administrative remedies. The record thus supports the CRC Defendants' contention that Plaintiff did not exhaust his administrative remedies and cannot pursue his claim against them in this Court.

It therefore is RECOMMENDED that:

> 1) Defendants Lamneck's, Saxour's and Mareitta's First Motion for Summary Judgment (Doc. #38) be GRANTED;
>
> 2) Judgment be ENTERED against Plaintiff and in favor of said Defendants as to all claims set forth against them in Plaintiff's amended complaint (Doc. #28);

3) Defendants Lamneck's, Saxour's and Mareitta's motion to stay discovery (Doc. #44) be DENIED as MOOT; and

3) This matter hereafter proceed as to Plaintiff's claims against remaining Defendant Charles Cox only.


March 9, 2010                    s/Sharon L. Ovington
                                    Sharon L. Ovington
                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).