# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES E. McCOY, | : | |
| Plaintiff, | : | Case No. 3:09cv211 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| CITY OF TROY, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court on Defendant, Sheriff Charles Cox's Motion for Judgment on the Pleadings  (Doc. #49), and the record as a whole. Plaintiff has not responded to the motion.

### I.      Factual and Procedural Background

Plaintiff filed his original *pro se* complaint in this matter on June 19, 2009. (Doc. #7).  With leave of this Court (*see* Doc. ##16, 27), Plaintiff's amended complaint was filed on August 15, 2009. (Doc. #28).  In that amended complaint, Plaintiff set forth an action under 42 U.S.C. § 1983 against Defendants City of Troy, Ohio[2]; Charles Cox, Miami County Sheriff; Corrections Officer Saxton; Corrections Officer Maryetta; and

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Pursuant to order dated October 5, 2009, the District Court dismissed Defendant, City of Troy.

Ginny [Virginia] Lamneck, Warden at the Correctional Reception Center ["CRC"][3].  (*Id.*
at 4).  Plaintiff alleges that Defendants violated his civil rights under the Eighth and
Fourteenth Amendments to the United States Constitution by depriving him of
ambulatory assistance and medication prescribed for various health conditions, as well as
subjecting him to other improper treatment, while he was incarcerated at the Miami
County jail, and transported to the CRC, and incarcerated at the CRC.  (*Id.* at 5-6).  He
requests declaratory relief as well as compensatory and punitive damages.

## II.    Standard of Review

To determine whether a Complaint states a claim upon which relief can be granted,
the Court accepts the plaintiff's factual allegations as true and construes the Complaint in
the light most favorable to the plaintiff.  *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir.
2009).  "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to
state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of
action's elements,' and (3) allegations that suggest a 'right to relief above a speculative
level.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)
(quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974,
1965 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a
short and plain statement of the claim showing that the plaintiff is entitled to relief.  *See*

---

[3] Pursuant to order dated April 20, 2010, Defendants Warden Lamneck, Saxour and Mareitta were dismissed from this case. (Doc. # 57).

Fed. R. Civ. P. 8(a).  This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory....  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, __U.S. at __, 129 S.Ct. at 1950.

**III.    Analysis**

Defendant asserts that Plaintiff does not allege that Sheriff Cox had any personal involvement in this case which could form a basis for individual liability. He also asserts that Plaintiff does not allege that any policy, procedure or custom was the motivating

force behind the alleged violations and thus there is no basis for official capacity liability.

(Doc. # 49 at 1). A review of the amended complaint reveals that there is no specific

mention of Sheriff Cox or of any allegation of policy, procedure or custom. (Doc. # 28).

To the extent Plaintiff seeks to hold Sheriff Cox liable under §1983 solely because

of his supervisory position, his Complaint fails to state a claim for relief.  Liability under

§ 1983 cannot be premised on the doctrine of respondeat superior.  *Monell v. Dept. of*

*Soc. Servs.,* 436 U.S. 663 n.7, 694-95 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 287

(6th Cir. 1994); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Indeed, a

supervisor can be held liable if he played an active role in the alleged misconduct, but not

if he merely failed to act. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002).

Although the amended complaint is devoid of any specific reference to Sheriff

Cox, it does provide in pertinent part: "I told the sheriff that I would not be able to

balance myself without my walking cane. He responded that I would have to do the best I

could." (Doc. # 28 at 6). Assuming this is a reference to Sheriff Cox, it is insufficient to

state a plausible, non-speculative claim upon which relief may be granted.

In order to state a claim of an Eighth Amendment violation involving medical

mistreatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97

S.Ct. 285 (1976). Such indifference constitutes the "unnecessary and wanton infliction of

pain." *Id*. at 104 (citation omitted). "This is true whether the indifference is manifested by

prison doctors in their response to the prisoner's needs or by prison guards in intentionally

denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). A claim of mere negligence, however, does not rise to the level of stating a plausible, non-speculative claim. The defendant's conduct "must demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.1994) (citations omitted).  Pretrial detainees are analogously protected from such mistreatment under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861 (1979); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

Even if the allegation in the amended complaint to the effect that "[Plaintiff] would have to do the best [he] could, " without his cane (Doc. # 28 at 6) is attributable to the Sheriff, this allegation alone does not rise to the level of deliberate indifference necessary to attach liability. Moreover, Plaintiff does not allege any unconstitutional policy or custom and therefore his amended complaint fails to state an official capacity claim.

Accordingly, Plaintiff's amended complaint fails to state a claim for relief under §1983 against the sole remaining Defendant, Sheriff Cox.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Defendant, Sheriff Charles Cox's Motion for Judgment on the Pleadings (Doc. #49) be GRANTED, and

2.      This case be terminated on the docket of this Court.

July 13, 2010                                                      s/Sharon L. Ovington
                                                                  Sharon L. Ovington
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

        Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

        Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).